ORIGINAL

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2066 AG (ANx) | Date | December 4, 2012 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION v. J. NATIVIDAD PONCE | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:     [IN CHAMBERS] ORDER REMANDING CASE**

Plaintiff Federal National Mortgage Association ("Plaintiff") filed this case in state court for unlawful detainer. Defendant J. Natividad Ponce ("Defendant") then filed a Notice of Removal, which removed this case from state to federal court. For the reasons that follow, the Court REMANDS the case to state court.

Plaintiff's Complaint states a simple state cause of action for unlawful detainer. Defendant's Notice of Removal gives three bases for federal jurisdiction. First, Defendant argues that federal jurisdiction is proper based upon federal question jurisdiction. But a review the Complaint makes clear that Defendant's argument fails. The Complaint does not rely on any federal law, so Defendant has not demonstrated a basis for federal jurisdiction. *See* 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [defendants] must demonstrate that original subject-matter jurisdiction lies in the federal courts.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-2066 AG (ANx) | Date | December 4, 2012 |
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION v. J. NATIVIDAD PONCE | | |

Defendant next argues federal jurisdiction is proper under diversity jurisdiction, but Defendant has not alleged the citizenship of either party. *See* 28 U.S.C. § 1332(a).

Defendant's last argument for federal jurisdiction rests on 28 U.S.C. § 1443, which authorizes removal of cases that are

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Courts must apply a two-part test to determine whether a case is properly removed under § 1443(1). *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Defendant fails to justify removal under 28 U.S.C. § 1443(1). Even assuming that Defendant's notice of removal satisfies the first prong of the test under Section 1443(1), Defendant has failed to support his allegation of civil rights violations with a "reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Sandoval*, 424 F.2d at 636. Thus, Defendant's reliance on 28 U.S.C. § 1443(1) is misplaced. *See Greenwood v. Peacock*, 384 U.S. 808, 815 (1966).

Page 2 of 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-2066 AG (ANx) | Date | December 4, 2012 |
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION v. J. NATIVIDAD PONCE | | |

In closing, the Court reminds Defendant that the United States Supreme Court has said, "[s]peedy adjudication is desirable [in unlawful detainer actions] to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases raises the concerns stated by the Supreme Court in *Lindsey*. Defendant is cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she [was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

Defendant fails to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

                                    :    0

                    Initials of
                    Preparer          lmb